IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
GAINESVILLE DIVISION

ALDO ABELARDE,

       Petitioner,

v.                                CASE NO. 1:14-cv-157-MP-GRJ

MICHAEL CREWS, et al.,

       Respondents.

_____/

## ORDER AND REPORT AND RECOMMENDATION

This cause is before the Court on Doc. 7, the Order by the District Judge recommitting this matter to the undersigned with instructions to consider and explain whether the matter should be dismissed for lack of subject matter jurisdiction.

By way of background Petitioner initiated this case by filing a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241. Petitioner contends that he is a non-deportable Cuban national who is subject to a Bureau of Immigration and Customs Enforcement ("B.I.C.E.") detainer that prevents the Florida Department of Corrections from reducing his custody classification and thus excludes him from eligibility for paying jobs, greater gain time awards, and work-release.

The undersigned issued a Report and Recommendation recommending dismissal of the Petition for lack of subject matter jurisdiction. (Doc. 3.) The District Judge recommitted the Petition to the undersigned for further consideration, in light of Petitioner's objection that he was subject to a final order of deportation. Petitioner thereafter filed a motion for reconsideration, which is due to be granted. After further

review, the undersigned concludes that the Court does posses subject-matter

jurisdiction over the Petition but the Petition is subject to dismissal for lack of merit.

## INTRODUCTION

Petitioner alleges that he is a Cuban national who was ordered removed in 1987

and was paroled by B.I.C.E. in 1990.  He is serving a fifteen year sentence which

Petitioner says would qualify him for community custody, paying jobs and work-release.

Petitioner states, however, that he is ineligible for these programs due to a detainer

lodged against him by B.I.C.E.[1]

Petitioner argues that the detainer severely disadvantages him as it blocks any

custody reduction while he is incarcerated within the Florida Department of Corrections

("FDOC"), and without any custody reduction he is ineligible for job opportunities,

greater gain time awards, and work-release.  He claims that the detainer is a violation of

his Fourteenth Amendment due process rights and requests that the Court order

B.I.C.E. to remove the detainer.

## DISCUSSION

### A.  Subject-Matter Jurisdiction

It is firmly established that jurisdiction over a petition for habeas corpus does not

lie where the authority against whom relief is sought does not have custody of the

petitioner.  *See* 28 U.S.C. § 2241(c)("the writ of habeas corpus shall not extend to a

---

[1] Although Petitioner claims he is subject to a detainer lodged against him by B.I.C.E., he concedes that B.I.C.E. paroled him in 1990.  In contrast to Petitioner's claims, the Florida Department of Corrections website reflects that the detainer on Petitioner was cancelled in 1991 and no active detainer is listed.

prisoner unless...(1)[h]e is in custody under or by color of the authority of the United States or is committed for trial before some court thereof.").  The filing of a detainer against a petitioner by B.I.C.E., on its own, does not fulfill the custody requirement for purposes of habeas corpus jurisdiction.  *See Orozco v. U.S. I.N.S.*, 911 F.2d 539, 541 (11th Cir. 1990)("The filing of the detainer, standing alone, did not cause [Petitioner] to come within the custody of the INS.").

The law is different, however, where a detainer is lodged and the prisoner is subject to an order of removal.  While the Eleventh Circuit has not yet decided whether the placement of a detainer in conjunction with a removal order creates immigration custody for purposes of federal habeas review, a number of other courts have addressed the issue.  The majority of federal courts that have addressed the custody requirement have determined that a detainer coupled with a removal order does create custody for federal habeas review.  *See Kumarasamy v. Att'y Gen. of United States*, 453 F.3d 169, 172-73 (3d Cir. 2006)(discussing the circuit courts that have found that a detainer coupled with a final removal order constitutes custody); *Simmons v. I.N.S.*, 326 F.3d 351, 354 (2d Cir. 2003); *Garcia-Echaverria v. U.S.*, 376 F.3d 507, 511 (6th Cir. 2004); *Aguilera v. Kirkpatrick*, 241 F.3d 1286, 1291 (10th Cir. 2001); *Mustata v. U.S. Dep't of Justice*, 179 F.3d 1017, 1021 n.4 (6th Cir. 1999); *Nakaranurack v. United States*, 68 F.3d 290, 293 (9th Cir. 1995); *Galaviz-Medina v. Wooten*, 27 F.3d 487, 493 (10th Cir. 1994).  *But see Richards v. Holder*, 2011 WL 1302263, at *2 (D. Minn. April 6, 2011)(finding that inmate subject to a final order of removal and immigration detainer was not in federal custody for habeas purposes).

Furthermore, although the Eleventh Circuit has not expressly decided the issue of custody when a detainer is coupled with a removal order, it has "implied that the co-existence of a removal order may confer habeas jurisdiction." *Hernandez v. Immigration and Customs Enforcement*, 2014 WL 4145530, at *2 (M.D. Fla. Aug. 20, 2014)(citing *Gonzales-Corrales v. I.C.E.*, 522 F. App'x 619, 623 (11th Cir. 2013)("Although [the petitioner] alleged that ICE lodged a detainer against him, he did not allege that removal proceedings had commenced or that he had been taken into ICE custody.").

In this case, Petitioner has alleged that he is subject to both a final order of deportation and a B.I.C.E. detainer. Although this Court's previous Report and Recommendation concluded that the "in custody" requirement for habeas jurisdiction was not met, in light of the authority discussed above, and Petitioner's contention that he is subject to a final order of removal, the undersigned concludes that Petitioner is in the custody of I.C.E. for purposes of fulfilling the "in custody" requirement of § 2241(c).

Separate from the custody requirement of habeas corpus jurisprudence is the issue of whether 8 U.S.C. § 1252(g) strips the Court of jurisdiction to hear Petitioner's equal protection claims. The statute provides as follows:

> "Except as provided in this section and notwithstanding any other provision of law (statutory or nonstatutory), including section 2241 of Title 28, or any other habeas corpus provision, and sections 1361 and 1651 of such title, no court shall have jurisdiction to hear any cause or claim by or on behalf of any alien arising from the decision or action by the Attorney General to commence proceedings, adjudicate cases, or execute removal orders against any alien under this chapter."

 8 U.S.C. § 1252(g). This provision is generally construed narrowly. *Madu v.*

*United States Attorney General*, 470 F.3d 1362, 1368 (11th Cir. 2006).   The provision does not apply when a habeas corpus petition does not challenge the Attorney General's exercise of discretion.  *Id*.

Here, Petitioner challenges the effect of the detainer, arguing that it prohibits him from participating in certain prison programs.  This is distinct from a challenge to his removal order or the B.I.C.E. detainer, which would constitute a challenge to the Attorney General's discretion.  *See Hernandez*, 2014 WL 4145530, at *3; *Lopez v. Holder*, 2013 WL 3762456, at *3 (S.D. Fla. July 16, 2013).  Petitioner's due process claim, on the other hand, is a challenge to the effect of the detainer on Petitioner's conditions of confinement, and as such is not subject to the limitations of § 1252(g). Accordingly, this Court has subject-matter jurisdiction to consider the claims in the Petition.

## B.  Constitutional Claims

While the Court has subject matter jurisdiction to review the Petition, Petitioner's claims fail for the following reasons.

The sole function of habeas corpus is "to provide relief from unlawful imprisonment or custody, and it cannot be used for any other purpose."  *Cook v. Hanberry*, 592 F.2d 248, 249 (5th Cir. 1979); *Preiser v. Rodriguez*, 411 U.S. 475, 484 (1973)("It is clear, not only from the language of ss 2241(c)(3) and 2254(a), but also from the common-law history of the writ, that the essence of habeas corpus is an attack by a person in custody upon the legality of that custody, and that the traditional function of the writ is to secure release from illegal custody.")   Habeas corpus relief is "not

available to prisoners complaining only of mistreatment during their legal incarceration."

*Stevens v. Heard*, 674 F.2d 320, 323 (5th Cir. 1982).

Petitioner's claims center around his conditions of confinement rather than the fact or duration of his confinement.  Petitioner's claim that he is denied job opportunities, reductions in his custody classifications, and work release as a result of the detainer all relate to the conditions of his confinement rather than the execution of his sentence.  *See, e.g.*, *Adams v. Wells*, 2009 WL 87772 (S.D. Ga. Jan. 12, 2009)(claims concerning denial for transfer and drug abuse program do not concern the execution of his sentence but are challenges to the conditions of his confinement); *Minh v. U.S.*, 2006 WL 2444085 (S.D. Ga. Aug. 22, 2006)(petitioner's claims that he was ineligible for work programs, educational opportunities, and drug abuse treatment programs due to a detainer related to his conditions of confinement); *Cohen v. Lappin*, 402 F. App'x 674 (3d Cir. 2010)(holding that prisoner could not challenge his security designation and custody classification in habeas proceeding because it did not implicate the basic fact or duration of his imprisonment).

Petitioner's allegation that the detainer prevents him from accruing greater gain time also does not give rise to a habeas claim based upon the fact or duration of imprisonment.  While there is no question that a prisoner may seek restoration of lost good-time credits through a habeas petition—*McKinnis v. Mosely*, 693 F.2d 1054 (11th Cir. 1982)—Petitioner's challenge, here, does not implicate *loss* of earned gain time but rather a challenge to his custody classification, which he says prevents him from potentially earning greater amounts of gain time.  Thus, because Petitioner's claim

challenges his classification, his claim is properly a challenge to the conditions of his confinement, rather than a cognizable habeas claim.  *See Hartley v. Warden of Florida State Prison*, 352 F. App'x 368 (11th Cir. 2009); *Espinal v. Wells*, 2009 WL 1469019, at *2-3 (May 26, 2009); *Rodriguez v. Wells*, 2009 WL 1024575, at *2-3 (S.D. Ga. April 14, 2009).

Where, as here, a prisoner challenges the conditions of confinement the claims properly should be brought in a civil rights action instead of through a petition for writ of habeas corpus.  Therefore, because a § 2241 petition cannot provide appropriate relief for Petitioner's claim the Petition should be dismissed for failing to present a cognizable habeas claim.  *See McKinnis*, 693 F.2d at 1056-57; *Espinal*, 2009 WL 1469019, at *2; *Minh*, 2006 WL 2444085, at *2-3; *Chau v. U.S.*, 2006 WL 2443351, at *3 (S.D. Ga. Aug. 18, 2006).[2]

---

[2] The Court recognizes that a minority of courts have suggested that a constitutional claim by a deportable alien may be addressed in a  § 2241 petition.  *See, e.g.*, *United States v. Tamayo*, 162 F. App'x 813, 815 (10th Cir. 2006).  In *Tamayo*, the petitioner filed a "Petition for Adjustment of Sentence" in the district court, alleging that his status as a deportable alien rendered him ineligible for certain prison programs. The district court treated the petition as a motion attacking his sentence pursuant to 28 U.S.C. § 2255 and dismissed the petition.  The Tenth Circuit found that the district court did not address an equal protection claim raised by the petitioner.  The Tenth Circuit noted in *dicta* that the claim could be brought under 28 U.S.C. § 2241 rather than § 2255, because it concerned the execution of his sentence.  *Tamayo* is not instructive, however, because it was a non-published decision that expressly had no precedential value. Moreover, the issue of whether this type of claim was proper under § 2241 was not raised by the parties but rather was simply mentioned by the Court as an alternative. The Court went on, however, and determined that the equal protection claim had no merit and therefore the claim was due to be dismissed rather than transferred. Other courts have followed *Tamayo* without discussing whether a claim by a deportable alien may be addressed in a   a § 2241 petition.  *See, e.g.*, *United States v. Acevedo*, 246 F.3d 682 (10th Cir. 2001); *United States v. Recinos-Gallegos*, 151 F. Supp. 2d 659 (D. Md. 2001); *Urias v. U.S.*, 2009 WL 1079842 (E.D. Okla. Apr. 22, 2009).

Even assuming, however, that it is appropriate for a deportable alien to bring a §

2241 petition challenging his classification, Petitioner's claim still fails because a penal

institutions's use of detainers to determine a prisoner's eligibility for prison programs

and early release does not violate the principles of equal protection.  *McLean v.

Crabtree*, 173 F.3d 1176, 1186 (9th Cir. 1999)(prison's exclusion of prisoners with

detainers from rehabilitative programs meets the rational basis test because it is

rationally related to the BOP's legitimate interest in preventing prisoners from fleeing

detainers); *Borrero v. Wells*, 2010 WL 3292694 (N.D. Ga. Apr. 12, 2010); *Tamayo*, 162

F. App'x at 816 ("[T]here is a rational basis to deem deportable aliens, who will be sent

out of the country after the term of their sentence, ineligible for programs geared toward

rehabilitating prisoners who will re-enter society after their release from confinement.").

Furthermore, to the extent that Petitioner seeks to raise a due process challenge

to the detainer, his claim also is without merit.  It is firmly established that changes in

custody classification and eligibility for rehabilitative programs do not implicate a liberty

interest for due process purposes.  *See Moody v. Daggett*, 429 U.S. 78, 88 n. 9

(1976)(noting that prisoners are not afforded due process protections with respect to

prison classification, prison transfers, and qualification for institutional programs);

*Wishon v. Gammon*, 978 F.2d 446, 450 (8th Cir. 1992)("Prisoners have no

constitutional right to education or vocational opportunities during incarceration[.]");

*Canterino v. Wilson*, 869 F.2d 948, 952-54 (6th Cir. 1989)(finding no liberty interest in

prison study and work release programs, or in the application of the classification

system); *Hernandez v. Johnston*, 833 F.2d 1316, 1318 (9th Cir. 1987)(inmates have no

constitutional right to a particular inmate classification or eligibility for rehabilitative programs).

Thus, even assuming Petitioner could bring constitutional claims challenging the effect of the detainer through a § 2241 petition (which he cannot) the Petition fails because Petitioner cannot state a constitutional claim for violation of equal protection or a violation of due process.  Accordingly, because Petitioner's claims are without merit, the Petition is due to be dismissed.

## CONCLUSION

It is hereby **ORDERED** that Petitioner's motion for further consideration, Doc. 8, is **GRANTED**.

Further, for the foregoing reasons it is respectfully **RECOMMENDED** that this cause should be **DISMISSED** for failure to state a claim.

**IN CHAMBERS** this 26th day of June 2015.

*s / Gary R. Jones*

GARY R. JONES
United States Magistrate Judge

### NOTICE TO THE PARTIES

Objections to these proposed findings and recommendations must be filed within fourteen (14) days after being served a copy thereof.  Any different deadline that may appear on the electronic docket is for the court's internal use only, and does not control.  A copy of objections shall be served upon all other parties.  If a party fails to object to the magistrate judge's findings or recommendations as to any particular claim or issue contained in a report and recommendation, that party waives the right to challenge on appeal the district court's order based on the unobjected-to factual and legal conclusions.  *See* 11th Cir. Rule 3-1; 28 U.S.C. § 636.